REGAN, Judge.
Plaintiffs, Mathew J. Gordon, Julius Katz, and Samuel I. Katz, doing business as H. Katz,[1] instituted this suit against the defendant Milton Stiebel, endeavoring to recover the sum of $205.95 [2], representing the amount due on a loan made to defendant on September 1, 1953, plus $5.95 for one month’s premium on defendant’s hospitalization insurance policy.
Defendant answered and denied that he was indebted to plaintiffs. He asserted that he had been employed by plaintiffs from July 1953 through December 20, 1954, and that he had paid all sums due plaintiffs at the time his employment terminated; he further asserted that the amount of the check dated September 1, 1953, represented an advance on account of commission which was not collectible upon termination of his employment.
From a judgment in favor of plaintiffs and against the defendant in the amount of $205.95 less a credit of $10.00, the defendant has prosecuted this appeal.
The record reveals that the defendant was employed by the plaintiffs from July 1953 until about December 20, 1954, and he was advanced the sum of $100.00 weekly, which was drawn against commissions to be earned.
Julius Katz, one of the plaintiffs herein, testified that the plaintiff never earned any commissions in excess of his drawing account and that on September 1, 1953, the defendant borrowed $200.00 from the plaintiffs to help finance the expenses of an illness incurred by his wife. He further asserted that sometime after the loan was consummated, plaintiff was forced to discharge the defendant because he was not producing sufficient new business so as to earn enough commissions to apply against his drawing account of $100.00 per week. Katz related that after the defendant was discharged the plaintiffs made repeated amicable demands for payment of the loan and the defendant would acknowledge the indebtedness but insisted that he had no *562 funds with which to pay it; however, the defendant did pay $10.00 on account thereof after suit was instituted by the plaintiffs.
Katz further testified that the defendant owed plaintiffs the sum of $5.95 representing the payment by plaintiffs of one month’s premium on a Blue Cross Hospitalization policy which was issued to the defendant for the benefit of himself and his family.
Defendant on the other hand testified that the sum of $200.00 which he received on or about September 1, 1953, was merely a loan on account of future commissions, that his wife was not ill at the time that he received this money from Katz, and that he never paid the sum of $10.00 on account of this indebtedness after suit was filed.
The foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously accepted and believed plaintiff’s version of the entire transaction and therefore concluded that the plaintiffs did loan to the defendant the sum of $200.-00 and that $10.00 had been paid on account thereof after the institution of suit by the plaintiffs; he likewise believed that the defendant owed plaintiffs the sum of $5.95 for one month’s premium on his hospitalization insurance policy. The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ versions of the transaction. The trial judge accepted the plaintiffs’ version thereof, and our analysis of the record convinces us that the evidence preponderates in their favor, and the judgment is therefore correct.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Engaged in “plumbing installation and house repair work.”

. Julius Katz testified that after suit was filed the defendant paid him $10.00 on account of this indebtedness and a receipt therefor was issued to him.